# Wytheville.

## SCHNURMAN'S EXECUTRIX v. BIDDLE & COMPANY.

### June 10, 1909.

#### Absent, Cardwell, J.

1. EXECUTORS AND ADMINISTRATORS—*Security of Executors—When Required—Discretion of Court.*—Under the provisions of section 2642 of the Code, courts of probate are clothed with a wide discretion in the matter of requiring security of executors where the will directs that none shall be given, and the exercise of it should not be disturbed except in a case of plain abuse. It may be required on the application of any person interested, or where the court, of its own knowledge, thinks it ought to be required.

2. EXECUTORS AND ADMINISTRATORS—*Security of Executors—Application by Creditors of Bankrupt.*—An application to require security of the executrix of one who was, in his lifetime, declared a bankrupt, but whose estate has not been discharged, may be made by creditors of the bankrupt. It is not a proceeding to recover property of the bankrupt which can be only brought by the trustee of the bankrupt, but an application to require security for the safety of a fund in which the creditors deem themselves interested.

Error to a judgment of the Chancery Court of the city of Richmond on an application to require security of an executrix. Judgment for the applicants. The executrix assigns error.

*Affirmed.*

The opinion states the case.

*O'Flaherty & Fulton*, for the plaintiff in error.

*Stern & Stern*, for the defendant in error.

Keith, P., delivered the opinion of the court.

Schnurman was adjudicated a bankrupt at Richmond, November 9, 1907. The appellees, Biddle & Company and others were named by him in his schedules as his creditors, and proved their debts. He never applied during his lifetime for his discharge in bankruptcy, and died April 10, 1908, leaving a will in which his wife was named as executrix, and requesting that no security be required of her on her bond as such. She qualified in the Chancery Court of the city of Richmond, on April 17, 1908, giving a bond without security in the penalty of $8,000. On May 25, 1908, the appellees moved the court to require the executrix to give security, and the court entered an order that on June 1st she should execute a bond in the penalty of $2,500, with security.

The executrix denied the right of the creditors, Biddle & Co. and others, to move the court for security on her bond as executrix, it being admitted that they were creditors of Henry Schnurman, deceased, on debts arising prior to the filing of the petition in bankruptcy by her testator. She further proved that Henry Schnurman filed his petition in bankruptcy in the United States Court for the Eastern District of Virginia; that with this petition he filed all schedules required by law, and among them the schedule showing all the assets and estate of the bankrupt, and the names and addresses of all of his creditors, including among them the parties making the motion for security on her bond; that on the 9th day of November, 1907, Schnurman was duly adjudicated a bankrupt under the Acts of Congress relating to bankruptcy; that he surrendered all his property, and fully complied with all the requirements of all acts and all orders touching his bankruptcy; and that said proceedings in bankruptcy have been and still are pending in the District Court of the United States.

On June 1, 1908, she, as executrix, filed her petition in the bankrupts' court praying that the estate of her testator might be

decreed to have a full discharge of all debts provable against it, except such debts as are excepted by law from such discharge; and that on the same day the judge of the district court "ordered that a hearing be had upon the petition on the 15th day of June, 1908, and that all known creditors and other persons in interest may appear and show cause, if any they have, why the prayer of the petition should not be granted."

The executrix further answering states that she is advised that the creditors of Schnurman have all filed their claims in the bankruptcy proceeding and will participate with the other creditors in the proceeds arising from the bankrupt's estate; that she had complied with the law and executed a bond as required by the chancery court by its order, and had collected all the estate as far as she knows, as shown by the appraisal of the estate adopted by her as an inventory, to-wit: the proceeds of an insurance policy, No. 112842, in the Fidelity Mutual Life Insurance Company of Philadelphia, upon the life of Henry Schnurman, amounting to $1,743.28, and that she has proceeded to pay and is paying the debts of Schnurman arising since his adjudication as a bankrupt; that she is advised that the parties above named, who it is admitted were creditors of Henry Schnurman at the time of his adjudication in bankruptcy, have no interest in this estate in her hands; that they cannot claim anything more than the trustee or assignee in bankruptcy can claim, and the trustee in bankruptcy is making no claim for this money; that she is advised that, under the bankrupt laws of the United States, the creditors of the bankrupt have an interest only in such property as the bankrupt had at the time of his adjudication as a bankrupt; and that such creditors have no interest whatever in the estate now in her hands; and if the right of the creditors did depend upon the discharge of the bankrupt's estate, which she denies, there is nothing before this honorable court to show that the bankrupt's estate will not be discharged from bankruptcy.

On the 3rd day of June, 1908, the executrix declining to

execute a bond with surety, her powers were revoked; and the case is before us upon her petition for a writ of error to that order.

Section 2642 of the Code provides, that "Where the will directs that an executor shall not give security, the court or clerk shall not require it of him, unless on the application of any person interested or upon its or his own knowledge it or he thinks security ought to be required."

Schnurman was adjudicated a bankrupt during his lifetime, upon his own petition. He died without having been discharged. His widow and executrix has applied for a discharge, but that, so far as this record discloses, has never been granted. The whole subject is before the District Court of the United States. It, and it alone, can determine whether or not the estate of the decedent will ever be entitled to a discharge from its indebtedness. The order appealed from was merely to preserve the estate of the bankrupt, whatever it might be, for the benefit of whom it might concern. The chancery court, sitting as a court of probate, is, under the section above referred to, clothed with a wide discretion, the exercise of which should not be interfered with except in a case where it has been plainly abused.

It is true that the title to all the property of a bankrupt vests in the trustee, and that the trustee alone can sue to recover it; but the proceeding under review is in no sense for the recovery of property. It is merely an application to the court to require security to be given for the safety of a fund in which the applicants deem themselves interested. The court could have taken the same action at the instance of its clerk, or as a result of its own knowledge upon the subject.

We are of opinion that the court has not exceeded, in its order, the proper exercise of the discretion with which it is clothed, and its judgment is affirmed.

*Affirmed.*